MARGARET D'W. MUDGE vs. MARY HAMMILL.

PROVIDENCE—NOVEMBER 1, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Contingent Remainders. Executory Agreements. Transmission of Interest in Executory Agreement.*

A deed which conveys a naked possibility, while inoperative at law as a conveyance, is good in equity as an executory agreement. The vendee under such deed transmits, by his conveyance of such interest, the executory contract for the future estate. Hence, the death of the party transmitting it prior to the vesting of the interest in the property cannot affect the right of his assignee of the contract to enforce it when the original maker acquires title to the land.

*Mudge* v. *Hammill*, 21 R. I. 283, affirmed.

BILL IN EQUITY to remove cloud on title. Heard on petition of complainant for a re-argument of the bill and answer decided in 21 R. I. 283. Petition for re-argument denied.

MATTESON, C. J. The complainant concedes that the quitclaim deed from her to her brother Prescott Hall D'Wolf, though invalid as a conveyance, amounted to an agreement by the complainant to convey to him whatever estate in the land she acquired on the death of her mother, or, in other words, as an executory agreement to convey the land when she should be in a position to do so. And she further concedes that the mortgage from Prescott Hall D'Wolf to the respondent, though inoperative at law as a conveyance, also amounted in equity to an agreement by Prescott to mortgage the land to the respondent whenever he should acquire it. And she still further concedes that if Prescott had survived his mother he could have enforced the agreement against the complainant, and the respondent could have required him to enforce it for her benefit. She contends, however, that his death before either he or the complainant acquired any vested interest in the property deprived the respondent of the power of enforcing the agreement, since there is, she maintains, no

privity of either estate or contract between the respondent and herself.

These arguments were pressed on our attention at the original hearing, but we did not then, nor do we now, deem them availing. In *Bailey* v. *Hoppin*, 12 R. I. 560, Robert Wheaton, to whom the quitclaim deed operating as an executory agreement had been given, had died before the maker of the deed had acquired a vested interest in the estate. But the court held that his devisee was, nevertheless, entitled to the benefit of the deed when its maker was in a position to give it effect. If a vendee, under an executory agreement for the conveyance of land, can transmit to his devisee the benefit of the agreement, so as to entitle his devisee to a conveyance of the land when the vendor is in position to make the conveyance, what reason exists in equity why he may not equally transmit the benefit of the agreement to his assigns by deed or mortgage? As said in *Bailey* v. *Hoppin*, 12 R. I. 569, "a court of equity does not stop  .  .  .  to get itself entangled in the web of subtle refinements which renders the law of contingent remainders so perplexing to the common law lawyer; but, brushing them aside, it regards only the fact that the grantee of the deed has paid his money for it, and that he is therefore entitled in good conscience to have the fruit of it, though it may exist only in promise, not only conserved to him while living, but transmitted to his heirs and devisees. In equity, indeed, it is the executory contract for the future estate which is transmitted." If it is the executory contract for the future estate which is transmitted, we fail to see how the death of the party transmitting it can affect the right of his assignee to have the contract enforced when the maker of it acquires title to the land.

Motion for re-argument denied and dismissed.

*Walter H. Barney and Samuel Norris, Jr.*, for complainant.

*James, William R., and Theodore F. Tillinghast*, for respondent.